UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JEANNIE WILSON
individually and as Next Friend
for her minor son, MICHAEL
GLENN,

        Plaintiff,        Civil Action No.: 15-10984
                               Honorable Paul D. Borman
v.                               Magistrate Judge Elizabeth A. Stafford

FOOT LOCKER, INC. *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND [R. 2].

Before the Court is Plaintiff Jeannie Wilson's motion to remand the instant case back to Michigan state court [R. 2], referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  [R. 4]. For the following reasons, the Court **RECOMMENDS** that Wilson's motion **[R. 2]** be **DENIED without prejudice**.

Wilson, a resident of the state of Michigan, brought the instant case in Wayne County Circuit Court on behalf of herself and her minor son (also a Michigan resident) against defendants Foot Locker, Inc., Foot Locker Corporate Services, Inc., Foot Locker Retail, Inc., Foot Locker Specialty, Inc., Foot Locker Stores, Inc., (collectively, "Foot Locker"), and an

1

unidentified John Doe, alleging negligence and *respondeat superior* liability related to a debilitating injury her son sustained while shopping at a children's Foot Locker store. [R. 1-1]. On March 16, 2015, Foot Locker removed the case to this Court, alleging the complete diversity of the named parties (Wilson, her son, and Foot Locker) and the presumption that the value of Wilson's claimed injuries exceeds $75,000. [R. 1, PgID 3]; 28 U.S.C. §§ 1332, 1441. On April 13, 2015, Wilson moved to remand. [R. 2].

The parties agree that the Foot Locker defendants are all foreign corporations doing business in the state of Michigan and that Wilson and her son are Michigan residents. [R. 1, PgID 2-3; R. 1-1, PgID 10]. However, Wilson argues that remand is appropriate because she believes the unnamed John Doe defendant, a manager at the Foot Locker store where her son was injured, is also a resident of Michigan. She states that she has sought discovery from Foot Locker to identify the manager and his place of residence. Foot Locker argues that diversity jurisdiction is determined at the time the complaint is filed without consideration of anonymous parties, so this case is properly before the Court. The Court agrees, but with reservations.

"The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v.*

*Auto Alliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004).  Indeed, 28 U.S.C. § 1441 states that "the citizenship of defendants sued under fictitious names shall be disregarded" when determining whether a case is removable.  §1441(b)(1).  At this juncture, diversity jurisdiction exists based on the named parties.

However, Wilson alleges that she requested the identity of the John Doe manager on March 17, 2015, and that Foot Locker has not responded. [R. 2, PgID 36 at ¶ 8].  Foot Locker denies that it has received any discovery requests from Wilson.  [R. 3, PgID 43 at ¶ 8].  Should Wilson, through discovery, identify the John Doe defendant as a resident of Michigan and amend her complaint under Federal Rule of Civil Procedure 15, diversity jurisdiction will be destroyed.  *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 539-40 (6th Cir. 2006) (noting that diversity jurisdiction is lost upon the identification of a nondiverse "John Doe" defendant, requiring remand.).  In *Curry*, the district court had ruled on the merits of a summary judgment motion, but the Court of Appeals ruled that the district court lacked jurisdiction and ordered remand to state court, which was an obvious waste of judicial resources.  *Id.*

Therefore, because diversity jurisdiction existed among the named parties to this action at the time it was removed to this Court, the Court

**RECOMMENDS** that Wilson's motion to remand **[R. 2]** be **DENIED without prejudice**. However, in the interest of judicial efficiency, the parties should determine without delay the John Doe defendant's identity and residency.

| | |
|---|---|
| Dated: May 5, 2015<br>Detroit, Michigan | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and

4

Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2015.

        s/Marlena Williams
        MARLENA WILLIAMS
        Case Manager